**William VENARD, Appellant,**

v.

**Michael WINTER, Appellee.**

**No. 93–1651.**

Supreme Court of Iowa.

Nov. 23, 1994.

**164**

H. Daniel Smith of Sherrets, Smith & Gardner, P.C., Omaha, NE, for appellant.

Dennis M. Gray and Matthew G. Woods of Peters Law Firm, P.C., Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

This legal malpractice case presents two questions. First, what statute of limitations governs this case? Second, can a plaintiff avoid the consequences of not designating experts within the time requirements of Iowa Code section 668.11 (1989) by voluntarily dismissing the action and refiling an identical one? The answer to the first question is that the five-year limitation period in Iowa Code section 614.1(4) governs this case. The answer to the second question is "yes."

We affirm that part of the district court ruling denying the defendant's motion to dismiss on the statute of limitations question. We reverse that part of the court's ruling sustaining the defendant's motion to dismiss on the voluntary dismissal question. We remand for further proceedings consistent with this opinion.

Michael Winter represented William Venard in an action to foreclose a mechanic's lien regarding improvements to Venard's property. The property was then sold at a sheriff's sale and was never redeemed within the one-year redemption period. *See* Iowa Code § 628.3. The last day for redemption was June 8, 1990.

On June 11, 1992, Venard sued Winter for legal malpractice. In his petition Venard alleged, among other things, the following: (1) pursuant to an oral agreement Venard employed Winter to represent him in the foreclosure action; (2) Venard had the money to redeem the property but Winter told him to wait until just before the expiration of the redemption period to do so; (3) through Winter's efforts, Venard and the party who purchased the property agreed that Venard would redeem the property before the expiration of the one-year period of redemption and that Venard would be notified to do so before then; and (4) despite Winter's continued representation of Venard, Winter did not take the necessary steps to complete the redemption of the property before the redemption period expired.

Winter answered in September and promptly began discovery by serving Venard with interrogatories. One of the interrogatories asked for the identification of expert witnesses. Venard designated his expert witnesses past the deadline in section 668.11 for designating them.

Later, Winter filed a motion for summary judgment. The motion alleged that Venard failed to comply with the time requirements for expert witness designation in section 668.11, and that without such witnesses he could not establish a prima facie case. Before the court could rule, Venard voluntarily dismissed his action pursuant to Iowa Rule of Civil Procedure 215.

Five days later, Venard filed this action. The petition is identical to the petition in the

first action with the exception that he now alleges additional theories. Those theories include (1) breach of contract, (2) constructive fraud, and (3) negligent misrepresentation.

Winter promptly filed a motion to dismiss the petition. The motion is based on two grounds. First, the present action is barred by the two-year statute of limitations in Iowa Code section 614.1(2). Second, the present action should be dismissed because Venard voluntarily dismissed the first action after he failed to designate expert witnesses within the time requirements of section 668.11.

The district court concluded that the five-year statute of limitations for unwritten contracts in Iowa Code section 614.1(4) applied and overruled Winter's first ground for dismissal. The court agreed as to Winter's second ground and sustained the motion. Venard appeals from the court's dismissal.

■ A district court's order sustaining or overruling a motion to dismiss does not depend on the court's discretion. The ruling must rest on legal grounds and is subject to review by us. *Weber v. Madison,* 251 N.W.2d 523, 525 (Iowa 1977). Our task then is to decide whether the district court's ruling on both grounds was legally correct. Iowa R.App.P. 4.

■ Winter did not appeal the court's ruling on the statute of limitations question but contends here that this ruling was in error. The issue was preserved, however, because a successful party need not cross-appeal to preserve error on a ground urged but ignored or rejected by the district court. *Johnston Equip. Corp. v. Industrial Indem.,* 489 N.W.2d 13, 16 (Iowa 1992). Winter raised the issue in his motion to dismiss but the district court rejected it.

I. *The Applicable Statute of Limitations.*

■ Winter relies on Iowa Code section 614.1(2), and Venard relies on Iowa Code section 614.1(4). Those provisions provide in relevant part:

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

. . . .

2. *Injuries to person or reputation—relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort . . . within two years.

. . . .

4. *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property . . . within five years. . . .

■ The actual nature of the action determines the proper statute of limitations. This determination turns on the nature of the right sued upon and not on the elements of relief sought for the claim. *Sandbulte v. Farm Bureau Mut. Ins. Co.,* 343 N.W.2d 457, 462 (Iowa 1984). *Accord Barrett v. Burt,* 250 F.Supp. 904, 905 (S.D.Iowa 1966) ("An inquiry regarding the appropriate statute of limitations to be applied must be premised upon the real nature of the action rather than the theory of recovery.") (interpreting Iowa Code section 614.1).

Applying these principles in a legal malpractice case, a local federal district court in *Barrett* held that the five-year limitation in what is now Iowa Code section 614.1(4) applied. *Barrett,* 250 F.Supp. at 906. In *Barrett,* the clients sued their lawyer for damages because he allegedly failed to include in a sales contract an effective provision transferring the clients' contractual obligation to the buyer. The court explained its conclusion this way:

The cause of action herein allegedly arose out of the defendant's failure to prepare properly a contract for the plaintiffs. The relationship between the plaintiffs and the defendant was in effect created through an unwritten contract for services and it is an alleged breach of a duty arising from that relationship which provides the basis for the plaintiffs' cause of action herein. The injury related only to plaintiffs' liability to pay certain real estate commissions. The plaintiffs have not suffered a personal injury, within the meaning and intent of that portion of [s]ection 614.1 requiring actions

for such injuries to be brought within two years from the time they accrue. There would be no basis therefore for applying the two year limitation on the ground that the plaintiffs have suffered injuries to the person.

... The plaintiffs' cause of action in this instance falls within the statutory provision requiring actions "founded on unwritten contracts" or "those brought for injuries to property" to be instituted within five years.

*Barrett,* 250 F.Supp. at 905–06; *see also* Debra T. Landis, Annotation, *What Statute of Limitations Governs Damage Action Against Attorney for Malpractice,* 2 A.L.R. 4th 284, 292–94 (1980) (collecting cases holding that in legal malpractice actions statute of limitations for unwritten contracts governs).

We think the federal district court's reasoning is on the mark. Similarly, here, Venard's cause of action arose out of a relationship between Venard and Winter that was created pursuant to an oral unwritten agreement for services. Specifically, Winter was to take the necessary steps to complete the redemption of the property before the redemption period expired. Winter's alleged failure to do so was a breach of this duty arising from their relationship, and that breach provides the basis for Venard's cause of action. *See Smith v. Smith,* 513 N.W.2d 728, 730 (Iowa 1994) (in reviewing rulings on motions to dismiss we accept the allegations of the petition as true).

The injury related to Venard's loss of his property. Contrary to Winter's contention, Venard suffered no personal injury within the meaning of the two-year statute of limitations. So there would be no basis for applying the two-year limitation.

Also, contrary to Winter's contention, Venard suffered no injury to any "relative rights" within the meaning of the two-year statute of limitations. Section 614.1(2)—the two-year statute—applies only to actions "founded on injuries to the person or reputation, *including* injuries to relative rights." Iowa Code § 614.1(2) (emphasis added). Injuries to relative rights are included in this statutory provision

only if they are also injuries to the person or reputation. The phrase "relative rights" does not expand the scope of the statute. It merely explains a particular type of injury which is to be included in the phrase "injuries to the person or reputation." Thus, unless an injury to the person or reputation is present, an injury to a purported "relative right" does not come within the two year statute of limitations.

*Barrett,* 250 F.Supp. at 906. *Accord Brown v. Liberty Mut. Ins. Co.,* 513 N.W.2d 762, 764–65 (Iowa 1994); *Clark v. Figge,* 181 N.W.2d 211, 214 (Iowa 1970). An injury to the person or reputation is not present in Venard's cause of action.

As in *Barrett,* we think Venard's cause of action falls within the statutory provision requiring actions "founded on unwritten contracts" or "those brought for injuries to property" to be brought within five years. Iowa Code § 614.1(4). Because the petition shows that Venard brought this action before the five-year statute expired, the district court correctly denied Winter's motion to dismiss on this ground.

## II. *The Effect of the Voluntary Dismissal of the First Action.*

■ Venard contends the district court erred when it sustained Winter's motion to dismiss. He believes he had an absolute right under rule 215 to voluntarily dismiss the first action. And, he says, the fact that he did so should—under section 668.11—have no preclusive effect. We agree.

Rule 215 provides in relevant part:

A party may, without order of court, dismiss that party's own petition ... at any time up until ten days before the trial is scheduled to begin.... A dismissal under this rule shall be without prejudice, unless otherwise stated; but if made by any party who has previously dismissed an action against the same defendant, in any court of any state or of the United States, including or based on the same cause, such dismissal shall operate as an adjudication against that party on the merits, unless otherwise ordered by the court, in the interests of justice.

Under rule 215, a party has an absolute right to dismiss the action at any time "up until ten days before the trial is scheduled to begin." Iowa R.Civ.P. 215; *Witt Mechanical Contractors, Inc. v. United Bhd. of Carpenters & Joiners*, 237 N.W.2d 450, 451 (Iowa 1976). *Accord Darrah v. Des Moines Gen. Hosp.*, 436 N.W.2d 53, 54 (Iowa 1989). (There is no contention that Venard's case had been set for trial when he dismissed it.) Rule 215 is clear that the first dismissal is without prejudice. A dismissal without prejudice

> is not ordinarily res judicata of the merits of the controversy. A dismissal without prejudice leaves the parties as if no action had been instituted. It ends the particular case but is not such an adjudication itself as to bar a new action between the parties.

*Windus v. Great Plains Gas*, 254 Iowa 114, 124, 116 N.W.2d 410, 415–16 (1962) (citations omitted) (defining dismissal "without prejudice" in Iowa Rule of Civil Procedure 215.1, the dismissal for lack of prosecution rule). In addition, a dismissal without prejudice under rule 215 ordinarily deprives the court of jurisdiction. *See Darrah*, 436 N.W.2d at 55 (recognizing the no jurisdiction rule but carving out an exception "to adjudicate the collateral problem created by prior wrongful conduct of the dismissing party warranting [Iowa Rule of Civil Procedure] 80(a) sanctions") (rule 80(a) sanction motion filed after plaintiff voluntarily dismissed medical malpractice case).

Winter takes no issue with these general principles. His contention is that there is a direct conflict—regarding voluntary dismissals—between rule 215 and the language of section 668.11. Section 668.11 provides:

> 1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:
>
>     *a.* The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.

>     *b.* The defendant within ninety days of plaintiff's certification.
>
> 2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.
>
> 3. This section does not apply to court appointed experts or to rebuttal experts called with the approval of the court.

Winter believes that once a party (1) has not designated experts under this section and then (2) voluntarily dismisses a suit, that party should not be allowed to file an identical suit at a later date. Winter apparently believes that in these circumstances section 668.11 bars a subsequent suit alleging identical issues. Otherwise, Winter says, without such a result section 668.11 would have no meaningful effect.

The short answer to Winter's argument is that we see nothing in the language of section 668.11 to suggest such a conflict with rule 215. Section 668.11 speaks only to the designation of experts, stating different deadlines for plaintiffs and defendants. The section allows a designation of experts beyond the deadlines for good cause. It does not suggest that a dismissal of a subsequent suit is the required outcome when (1) a plaintiff does not designate expert witnesses within 180 days of the defendant's answer in an original action, and then (2) voluntarily dismisses the original action.

Section 668.11 says *nothing* about dismissal of *any* lawsuit. We have said that this section is "procedural or remedial rather than substantive." *Hantsbarger v. Coffin*, 501 N.W.2d 501, 504 (Iowa 1993). In *Hantsbarger*, we recognized that the legislative intent behind section 668.11 was to "provide certainty about the identity of experts and prevent last minute dismissals when an expert cannot be found." *Id.* (citation omitted). Here, Venard found experts but did not say so until after the deadline had passed.

If, as Winter suggests, the legislature intended a relationship between rule 215 and section 668.11, it could easily have said so.

As Venard points out, nothing in section 668.11 requires a dismissal of any action for a party's failure to designate experts. The only penalty the section spells out is that the undesignated or late designated experts cannot testify.

Even if we were to accept Winter's contention that Venard dismissed his first action to escape the consequences of a failure to designate experts in time, it would not matter. The motive of the dismissing party plays no part in a voluntary dismissal under rule 215. Under the rule, Venard was entitled to dismiss the first action without prejudice for any reason. The district court erred in concluding otherwise.

### III. *Conclusion.*

In sum, we hold that Iowa Code section 614.1(4)—the five-year statute—governs this legal malpractice case. We affirm that part of the district court's ruling denying Winter's motion to dismiss on this ground.

We also hold that Venard had an absolute right under rule 215 to dismiss without prejudice his first legal malpractice action against Winter despite Venard's failure to designate expert witnesses within the time allowed under section 668.11.

We reverse that part of the district court's ruling sustaining Winter's motion to dismiss Venard's petition on this ground. We remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.**