**Jane DOE, Plaintiff,**

v.

**Gordon CHERWITZ and The Davenport Clinic, Defendants.**

Civ. No. 3–92–70138.

United States District Court,
S.D. Iowa,
Davenport Division.

Aug. 28, 1995.

Roxanne Barton Conlin, Des Moines, IA, for plaintiff.

Robert J. Noe, Richard M. Batcher, Moline, IL, for defendant Cherwitz.

James R. Snyder, James A. Gerk, Webb L. Wassmer, Cedar Rapids, IA, for defendant The Davenport Clinic.

## RULING ON MOTION FOR SUMMARY JUDGMENT

VIETOR, District Judge.

Defendant Gordon Cherwitz's motion for summary judgment, in which defendant The Davenport Clinic joins, is before the court for ruling. No party requests oral argument, and the court perceives no need for oral argument.

Underlying all of plaintiff's claims against defendants is her allegation that defendant Cherwitz, a physician at defendant Clinic,

while performing a physical examination of her in 1973, forcibly had sexual intercourse with her against her will. She brought this action in 1992, pleading that she first discovered the injury by way of "flashbacks" in 1991 and relying on the common law discovery rule to avoid the statute of limitations. *See Doe v. Cherwitz,* 518 N.W.2d 362, 364 (Iowa 1994) (answering certified questions of this court).

The motion now before the court raises for the first time a statute of limitations not previously raised in this case, Iowa Code § 614.1(9), a medical malpractice statute.[1] Section 614.1 provides in pertinent part:

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

\* \* \* \* \* \*

9. *Malpractice.* Those founded on injuries to the person or wrongful death against any physician and surgeon, osteopath, osteopathic physician and surgeon, dentist, podiatrist, optometrist, pharmacist, chiropractor, or nurse, licensed under chapter 147, or a hospital licensed under chapter 135B, *arising out of patient care,* within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice for which damages are sought in the action, whichever of the dates occurs first, *but in no event shall any action be brought more than six years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death* unless a foreign object unintentionally left in the body caused the injury or death. [Emphasis supplied.]

Defendants contend that section 614.1(9), as interpreted by the Iowa Supreme Court in the recent case of *Langner v. Simpson,* 533 N.W.2d 511 (Iowa 1995), applies to plaintiff's claims and bars them. Plaintiff contends that the *Langner* case is distinguishable and that her claims against defendants are not claims "arising out of patient care" within the meaning of the statute.

This is a diversity case and at issue is an Iowa statute. I must therefore do my best to determine what the Iowa Supreme Court would decide if the issue were before that court. *Bernhardt v. Polygraphic Co.,* 350 U.S. 198, 209, 76 S.Ct. 273, 100 L.Ed. 199 (1956) (concurring opinion); *Heeney v. Miner,* 421 F.2d 434, 439 (8th Cir.1970).

I have carefully examined the *Langner* decision, a case involving a suit by a patient against her psychiatrist and a hospital arising out of remarks the psychiatrist made to her during sessions he had with her while she was in the hospital's psychiatric unit for evaluation. The court held that the governing statute of limitations is section 614.1(9). I find that case distinguishable from the instant case. A primary form of patient care provided by a psychiatrist is verbal exchange between the psychiatrist and the patient. The injuries to Langner were, therefore, injuries "arising out of patient care." The injuries alleged in the instant case, according to plaintiff's allegations and evidence presented in connection with the previous motions for summary judgment, arose out of forcible sexual intercourse perpetrated by defendant Cherwitz against the will of the plaintiff when she was undergoing a medical examination by Cherwitz.

Section 614.1(9) is, by its terms, limited to claims "arising out of patient care." Defendants rely on one sentence in *Langner:* "All of the claims in the Langners' petition arose out of injuries allegedly suffered while Kathy was under the care of Simpson and the hospital." *Langner,* 533 N.W.2d at 516. Defendants read the phrase "while Kathy was under the care of Simpson and the hospital" too broadly. That language must be read in the context of the facts of the *Langner* case. I do not believe the Iowa Supreme Court meant to hold, or would hold if this case were presented to it, that section 614.1(9) applies to willful *non-treatment* tortious activity by the physician, simply because it occurred when the patient was seeing the physician for medical reasons. Obviously, that is not what the legislature intend-

---

1. Defendants, with court permission, amended their answers in July 1995 to assert the section 614.1(9) limitation promptly after the Iowa Su-

preme Court decided *Langner v. Simpson,* 533 N.W.2d 511 (Iowa 1995), discussed in the text.

ed in enacting the statute, and its careful choice of language—"arising from patient care"—clearly limits the protection of the statute to claims resulting from patient care activity. Rape is not patient care activity. I believe the Iowa Supreme Court would hold that willful tortious activity outside the realm of patient care, such as that alleged in this case, is not governed by the statute.

Defendant Gordon Cherwitz's motion for summary judgment, which is joined in by defendant The Davenport Clinic, is DENIED, except as provided below.

■ All the counts of plaintiff's complaint assert tort claims. One of them, Count V, which is against defendant Cherwitz, is entitled "Medical Negligence" and alleges that defendant Cherwitz was "negligent in the care and treatment of plaintiff." That count, which plaintiff has chosen to cast in terms of medical malpractice, cannot escape the reach of section 614.1(9), and the motion for summary judgment is **GRANTED** as to Count V, and Count V is **DISMISSED.**

To whatever extent a medical negligence theory underlies Counts IX, X and XI against defendant The Davenport Clinic (see, for instance, paragraph 55(e) of the complaint), the motion for summary judgment is **GRANTED** and those counts, if submitted to the jury, will not be submitted on an underlying medical negligence theory.