# IN THE SUPREME COURT OF IOWA

No. 19–2078

Submitted February 16, 2021—Filed March 12, 2021

**CHRISTINE KOSTOGLANIS,**

Appellant,

vs.

**LEROY L. YATES** and **DIAMOND MEDICAL SPA & VEIN, P.C.,**

Appellees.

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

The plaintiff appeals from a district court order granting summary judgment and holding the plaintiff's claims were barred by the statute of limitations. **AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which all participating justices joined. Oxley, J., took no part in the consideration or decision of the case.

Candy K. Pastrnak of Pastrnak Law Firm, P.C., Davenport, for appellant.

Jennifer E. Rinden, Desirée A. Kilburg, and Vincent S. Geis of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellees.

**McDONALD, Justice.**

In June 2015, Dr. LeRoy Yates provided medical services to Christine Kostoglanis at Diamond Medical Spa and Vein, including liposuction and adipose derived mesenchymal stem cell transfer procedures. Within days of the procedures, Kostoglanis contacted Diamond Medical with concerns regarding the procedures, her wound, and postoperative wound care. Unsatisfied with the response, Kostoglanis sought a second opinion and began treating with a wound clinic in July. Three years later, in June 2018, Kostoglanis filed this suit against Yates and Diamond Medical, asserting claims for negligent misrepresentation, fraudulent misrepresentation, and breach of contract. On the defendants' motion for summary judgment, the district court held Kostoglanis's causes of action, however styled, arose out of patient care and were barred by the two-year statute of limitations governing malpractice actions in Iowa Code section 614.1(9) (2015). Kostoglanis timely filed this appeal.

The standards for granting summary judgment are well established and need not be repeated in full herein. "We review summary judgment rulings for correction of errors at law." *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). "We view the evidence in the light most favorable to the nonmoving party." *Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 545 (Iowa 2018).

At issue is the statute of limitations applicable to Kostoglanis's claims for negligent misrepresentation, fraudulent misrepresentation, and breach of contract. As relevant here, Iowa Code section 614.1 provides:

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

. . . .

4. *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years, except as provided by subsections 8 and 10.

5. *Written contracts—judgments of courts not of record—recovery of real property and rent.*

a. Except as provided in paragraph "*b*", those founded on written contracts, or on judgments of any courts except those provided for in subsection 6, and those brought for the recovery of real property, within ten years.

. . . .

9. *Malpractice.*

a. . . . those founded on injuries to the person . . . against any physician and surgeon . . . arising out of patient care, within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known . . . the injury or death for which damages are sought in the action . . . .

Iowa Code § 614.1. Kostoglanis argues the applicable limitation periods are the five-year and ten-year periods in subsections (4) and (5). The defendants contend, and the district court held, each of Kostoglanis's causes of action arises out of patient care and the applicable limitations period is the two-year period in subsection (9).

"When disagreement arises as to which of the several periods of limitation contained in Iowa Code section 614.1 is applicable, we must determine . . . which of the types of actions described in the statute most nearly characterizes the action before the court." *Scott v. City of Sioux City*, 432 N.W.2d 144, 147 (Iowa 1988). In making that determination, we look

to "[t]he actual nature of the action." *Venard v. Winter*, 524 N.W.2d 163, 165 (Iowa 1994). The question "turns on the nature of the right sued upon and not on the elements of relief sought for the claim." *Id.*

> In determining the appropriate statute of limitations for a specific cause of action, the Code requires us to look to the *foundation* of the action. This means that the appropriate statute of limitations is to be ascertained by characterizing the actual nature of the action.

*Sandbulte v. Farm Bureau Mut. Ins.*, 343 N.W.2d 457, 462 (Iowa 1984) (emphasis in original), *overruled on other grounds by Langwith v. Am. Nat'l Gen. Ins.*, 793 N.W.2d 215 (Iowa 2010), *superseded by statute*, 2011 Iowa Acts ch. 70, § 45 (codified at Iowa Code § 522B.11(7) (2013)).

On only one occasion have we addressed the question of whether causes of action not styled as medical malpractice claims should nonetheless be subject to the medical malpractice statute of limitations. In *Langner v. Simpson*, the plaintiff brought six different claims against a psychiatrist and hospital for inappropriate statements the psychiatrist allegedly made to the plaintiff during the course of treatment. 533 N.W.2d 511, 515–16 (Iowa 1995). "[The] claims include[d] psychiatric malpractice, intentional infliction of emotional distress, slander per se, slander, invasion of privacy, and breach of contract." *Id.* at 516. We held "section 614.1(9)—the malpractice statute of limitations—applie[d] to all of the claims" against the psychiatrist and hospital. *Id.* We reasoned that all of the claims "arose out of injuries allegedly suffered" while the plaintiff was under the care of the psychiatrist and hospital. *Id.*

Our holding in *Langner* is consistent with the decisions of other courts. It is widely accepted that a plaintiff cannot through artful pleading evade the statute of limitations governing medical malpractice actions. *See, e.g., Larson v. UHS of Rancho Springs, Inc.*, 179 Cal. Rptr. 3d 161, 173

(Ct. App. 2014) (holding that the "self-serving characterizations are merely attempts to avoid [the statute of limitations] impose[d] on all medical malpractice claims"); *Griffin v. Carson*, 566 S.E.2d 36, 38 (Ga. Ct. App. 2002) ("Whether couched in terms of a tort or breach of contract action, the two-year statute of limitation applies to malpractice actions for injuries arising out of medical services."); *Lucas v. Awaad*, 830 N.W.2d 141, 151–52 (Mich. Ct. App. 2013) ("In sum, Lucas's allegation of intentional infliction of emotional distress sounds in medical malpractice because the alleged actions occurred during the course of a professional relationship and the claim requires an examination of medical expertise or medical judgment in order for Lucas to prevail."); *Simmons v. Apex Drug Stores, Inc.*, 506 N.W.2d 562, 564 (Mich. Ct. App. 1993) (stating the plaintiff's "attempt to avoid the [statute of limitations' bar] by characterizing defendant's alleged negligence as something other than professional malpractice . . . will not succeed"), *holding modified by Patterson v. Kleiman*, 526 N.W.2d 879 (Mich. 1994) (per curiam); *McMichael v. Howell*, 919 So. 2d 18, 23 (Miss. 2005) (holding that plaintiff's "argument to support her 'breach of contract' claim is nothing more than medical malpractice"); *McCormick v. Centerpoint Med. Ctr. of Indep., LLC*, 534 S.W.3d 273, 277–78 (Mo. Ct. App. 2017) ("It is clear that an action that arises out of a doctor's malpractice or negligence in providing health care cannot avoid the application of [the statute of limitations] merely because it is pled as a claim for fraud, misrepresentation, or breach of contract." (quoting *Breeden v. Hueser*, 273 S.W.3d 1, 7 (Mo. Ct. App. 2008))); *Compton v. Jue*, NO. 01–16–00412–CV, 2017 WL 3389644, at *4 (Tex. App. Aug. 8, 2017) ("It is well settled that a health care liability claim cannot be recast as another cause of action to avoid the requirements governing health care liability claims.").

Kostoglanis relies on *Doe v. Cherwitz*, 894 F. Supp. 344 (S.D. Iowa 1995), in support of her argument that the limitation period for malpractice actions does not apply here. In that case, the plaintiff brought multiple claims against a physician and clinic alleging the physician forcibly had sexual intercourse with her against her will during a physical examination. *See Doe*, 894 F. Supp. at 344–45. Relying on *Langner*, the defendants argued the malpractice limitations period applied. *See id.* at 345. The district court distinguished *Langner*. *See id.* In *Langner*, the district court reasoned, each of the plaintiff's claims involved injuries arising out of patient care. *See id.* (citing *Langner*, 533 N.W.2d at 516). In contrast, while Doe's claims arose in a clinical setting, her injuries did not arise out of patient care within that setting. *See id.* The district court explained:

> I do not believe the Iowa Supreme Court meant to hold, or would hold if this case were presented to it, that section 614.1(9) applies to willful non-treatment tortious activity by the physician, simply because it occurred when the patient was seeing the physician for medical reasons. Obviously, that is not what the legislature intended in enacting the statute, and its careful choice of language—"arising from patient care"—clearly limits the protection of the statute to claims resulting from patient care activity. Rape is not patient care activity. I believe the Iowa Supreme Court would hold that willful tortious activity outside the realm of patient care, such as that alleged in this case, is not governed by the statute.

*Id.* at 345–46 (emphasis omitted).

The distinction drawn in *Doe* is a good one, but that case is not this case. In this case, the undisputed allegations and facts in the summary judgment record show each of Kostoglanis's causes of action arise out of patient care. To "arise out of" patient care means the injuries and causes of action originate in, stem from, or result from patient care. *See Arise, Black's Law Dictionary* (11th ed. 2019). Plaintiff's petition states that "[a]t

all relevant times hereto, Defendants had a doctor–provider–patient relationship with Plaintiff." The petition alleges the defendants misrepresented that Yates was capable of performing the procedures, that "he was professionally qualified to perform" the procedures, that "he personally could safely perform" the procedures, and that he would "act as a reasonable physician under the circumstances." For the breach of contract claim, the petition states the defendants breached the contract for medical services by "fail[ing] to perform the services in a professional manner." For her fraudulent misrepresentation claims, Kostoglanis alleges defendants falsely represented Yates "was fully qualified, knowledgeable and licensed to provide the" procedures. Each of the plaintiff's allegations originate from the representations regarding patient care and the patient care the defendants provided.

The remainder of the summary judgment record shows the same. In her deposition, Kostoglanis confirmed her claims arose solely out of the medical procedures performed and not some other conduct unrelated to patient care:

> Q. And you claim in this case that [Yates] was not qualified to perform the procedure; is that your claim? A. Yes.
>
> Q. And that he did not perform the procedure competently? A. Right.
>
> Q. And that that is the basis for your claim of breach of contract? A. Yes.
>
> Q. And your claims of misrepresentation? A. Yes.
>
> Q. Anything else forming the basis of those claims? . . . A. Right, yes.
>
> Q. So that's the basis of the claims? A. Yes.
>
> Q. You don't have anything to add to that as you sit here today? A. No.

In her answers to interrogatories, Kostoglanis stated "the factual basis for the liability relates to Dr. Yates and Diamond Medical Spa and Vein, P.C. lack of qualifications to provide the services they contracted to provide to Plaintiff."

Kostoglanis is the master of her pleadings and may assert the causes of action as she sees fit. Her right to bring causes of action for negligent misrepresentation, fraudulent misrepresentation, and breach of contract are not at issue in this case. What is at issue is the statute of limitations applicable to each of the causes of action asserted. In answering that question, we look to the substance and not the form of the causes of action. Kostoglanis's negligent misrepresentation, fraudulent misrepresentation, and breach of contract claims are each predicated on injuries arising out of the doctor–patient relationship and the patient care defendants provided or allegedly failed to provide to her. Kostoglanis could not establish liability for any of her claims without first establishing that Yates lacked the qualifications to perform the procedures and that Yates failed to perform the procedures within the accepted standard of care. Kostoglanis's claims are thus subject to the two-year statute of limitations set forth in Iowa Code section 614.1(9) and are untimely. The district court correctly granted the defendants' motion for summary judgment.

**AFFIRMED.**

All justices concur except Oxley, J., who takes no part.