# IN THE SUPREME COURT OF IOWA

No. 22–0293

Submitted November 17, 2022—Filed January 6, 2023

**MARCELINO ALVAREZ VICTORIANO,**

Appellant,

vs.

**CITY OF WATERLOO, IOWA, C.J. NICHOLS,** in his/her Individual and Official Capacity, and **WATERLOO POLICE DEPARTMENT,**

Appellees.

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

The plaintiff appeals from an order dismissing with prejudice his petition asserting claims arising under the Iowa Municipal Tort Claims Act. **REVERSED.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Molly M. Hamilton (argued) of Hamilton Law Firm, P.C., Clive, for appellant.

Bradley M. Strouse (argued) and Bruce L. Gettman, Jr., of Redfern, Mason, Larsen & Moore, P.L.C., Cedar Falls, for appellees.

Brenna Bird, Attorney General, Samuel P. Langholz, Assistant Solicitor General, and Tessa M. Register (argued), Assistant Attorney General, for amicus curiae State of Iowa.

**McDONALD, Justice.**

Marcelino Alvarez Victoriano filed suit against the City of Waterloo and Waterloo Police Department Officer C.J. Nichols, alleging Nichols shot him without justification. The defendants moved to dismiss the petition pursuant to Iowa Code section 670.4A (2022), which sets forth a qualified immunity defense to and heightened pleading requirements for claims arising under the Iowa Municipal Tort Claims Act (IMTCA). The district court set the motion for hearing on January 13, 2022, but on January 12 Alvarez Victoriano dismissed his petition without prejudice. The defendants moved to set aside the dismissal without prejudice. They argued Alvarez Victoriano's alleged failure to meet the statutory pleading requirement mandated "dismissal with prejudice." *Id.* § 670.4A(3). The district court granted the defendants' motion and entered an order dismissing the case with prejudice. The question presented in this appeal is whether the district court erred in dismissing the case with prejudice after the plaintiff had already voluntarily dismissed his case without prejudice.

A plaintiff's right to dismiss a petition without prejudice to a future action has been the law since the founding of this state. The Iowa Code of 1851 provided that a party may dismiss a case "at any time before the jury return with their verdict." Iowa Code § 1803 (1851). The Iowa Code of 1860 provided an "action may be dismissed, and such dismissal shall be without prejudice to a future action . . . [b]y the plaintiff before the final submission of the case." Iowa Code § 3127.1 (1860). The statutory right of dismissal persisted until the adoption of the rules of civil procedure in 1943. *See* Iowa Code, Rule of Civil Procedure No. 1

(1946) (discussing effective date of the rules); *id.* r. 215 (providing for voluntary dismissal). Rule 215, adopted in 1943, allowed a party to dismiss a petition as a matter of right "without order of court . . . at any time before the trial has begun." *Id.* r. 215. The rule did not limit a plaintiff's ability to dismiss the petition without prejudice as a matter of right, but it did require a plaintiff to file the dismissal before trial rather than at any time before final submission. *See id.*

The current rule of civil procedure, Iowa Rule of Civil Procedure 1.943 (2022), is a continuation of the prior statutes and rule. It provides, "A party may, without order of court, dismiss that party's own petition, counterclaim, cross-claim, cross-petition or petition of intervention, at any time up until ten days before the trial is scheduled to begin." *Id.* The current rule of civil procedure does not limit a plaintiff's ability to dismiss the petition without prejudice as a matter of right, *see id.* ("A dismissal under this rule shall be without prejudice, unless otherwise stated . . . ."), but it does require a plaintiff to file the dismissal at least ten days before trial is scheduled to begin rather than at any time before trial.

We have interpreted the voluntary dismissal rule broadly. Generally, the rule "allows plaintiffs to dismiss their petitions without prejudice and start over— once" as a matter of right. *ACC Holdings, LLC v. Rooney*, 973 N.W.2d 851, 852 (Iowa 2022). We have stated the rule provides "the absolute right to dismiss" a petition "without court approval" at any time prior to ten days before trial is scheduled to begin. *Valles v. Mueting*, 956 N.W.2d 479, 484 (Iowa 2021). Under the rule, the "court retains no discretion to prevent such dismissal." *Lawson v. Kurtzhals*, 792 N.W.2d 251, 256 (Iowa 2010). This is because the dismissal is

self-executing. *See, e.g.*, *Valles*, 956 N.W.2d at 484. Even when a party dismisses an "action to escape the consequences" of an opposing party's motion, "it [does] not matter." *Venard v. Winter*, 524 N.W.2d 163, 168 (Iowa 1994). "The motive of the dismissing party plays no part in a voluntary dismissal under [the rule]." *Id.*

The district court here recognized "in nearly all circumstances the plaintiff is allowed to dismiss its own petition at any time up to 10 days before trial is scheduled to begin and such dismissal shall be without prejudice." The district court concluded, however, that section 670.4A conflicted with and superseded rule 1.943 and our precedents interpreting the same. In the district court's view, a party's voluntary dismissal of a petition, when made in response to a motion to dismiss pursuant to section 670.4A, must be construed as a dismissal with prejudice.

Section 670.4A was enacted into law on June 17, 2021. *See* 2021 Iowa Acts ch. 183, § 14 (codified at Iowa Code § 670.4A (2022)). The act, "being deemed of immediate importance, [took] effect upon enactment." *Id.* § 16. The law does two things relevant here. First, Iowa Code section 670.4A(1)(*a*) (2022) provides qualified immunity to employees or officers subject to claims arising under the IMTCA:

> 1. Notwithstanding any other provision of law, an employee or officer subject to a claim brought under this chapter shall not be liable for monetary damages if any of the following apply:
>
> *a.* The right, privilege, or immunity secured by law was not clearly established at the time of the alleged deprivation, or at the time of the alleged deprivation the state of the law was not sufficiently clear that every reasonable employee would have understood that the conduct alleged constituted a violation of law.

Second, the law changes pleading requirements for a claim brought under the IMTCA. *Id.* § 670.4A(3). Generally speaking, Iowa is a notice pleading state. *See* Iowa R. Civ. P. 1.402(2)(*a*). Under notice pleading, a petition is sufficient "if it informs the defendant of the incident giving rise to the claim and of the claim's general nature." *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004). Under the newly-enacted Iowa Code section 670.4A(3), however, a plaintiff asserting a claim under the IMTCA must meet a heightened pleading requirement:

> A plaintiff who brings a claim under this chapter alleging a violation of the law must state with particularity the circumstances constituting the violation and that the law was clearly established at the time of the alleged violation. Failure to plead a plausible violation or failure to plead that the law was clearly established at the time of the alleged violation shall result in dismissal with prejudice.

The heightened pleading requirement in section 670.4A(3) has three components. First, a plaintiff "alleging a violation of the law must state with particularity the circumstances constituting the violation." *Id.* Second, the statute requires the plaintiff to "plead a plausible violation" of law. *Id.* Third, the statute requires the petition plead "that the law was clearly established at the time of the alleged violation." *Id.* We need not and do not determine the demands of these heightened pleading requirements. The determination of those issues is not necessary to resolve this appeal.

What we do need to determine is whether anything in section 670.4A precludes the plaintiff from exercising his well-established right to dismiss his petition once without prejudice. This is a question of statutory interpretation and

construction. In answering the question, we focus on the language of the statute at issue. *See Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020). We also consider the statute's relationship to other provisions of law. *See* Iowa Code § 4.1(38); *State v. Doe*, 903 N.W.2d 347, 351 (Iowa 2017). As a general rule, "we assume the legislature is familiar with the existing state of the law when it enacts new legislation." *State v. Adams*, 810 N.W.2d 365, 370 (Iowa 2012). Thus, "a statute will not be presumed to overturn long-established legal principles, unless that intention is clearly expressed or the implication to that effect is inescapable." *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969).

The text of section 670.4A expresses no intent to abrogate rule 1.943 or our longstanding precedents, nor does the text make such a conclusion inescapable. On the contrary, the statute incorporates existing law regarding pleading practice and procedure. The statute requires dismissal with prejudice only upon "[f]ailure to plead" a plausible violation of law or the law was clearly established at the time of the alleged violation. Iowa Code § 670.4A(3). The statutory reference to pleading has legal consequence. The term "pleading" is a term of art defined and governed by the rules of civil procedure. *See generally* Iowa Rs. Civ. P. 1.401–1.423. A petition is an allowable pleading. *See id.* r. 1.401. "The form and sufficiency of all pleadings shall be determined by the[] rules [of civil procedure] . . . ." *Id.* r. 1.402(1). The rules defining and governing pleadings allow for correcting, recasting, and amending pleadings. *See id.* r. 1.402(3)–(4). In addition, rule 1.943 allows for voluntary dismissal of the plaintiff's petition without prejudice once as a matter of right. *Id.* r. 1.943. The statutory phrase

"failure to plead" incorporates both the rules of civil procedure governing pleading and our precedents interpreting the same, including the long-established rule that a plaintiff has the right to dismiss the petition without prejudice once as a matter of right.

The defendants nonetheless contend different language in the statute requires dismissal with prejudice. The statute provides that the failure to meet heightened pleading requirements "shall result in dismissal with prejudice." Iowa Code § 670.4A(3). The defendants argue the word "shall" required the district court to rule on their motion to dismiss and precluded Alvarez Victoriano from dismissing his suit without prejudice prior to that ruling. We disagree. The word "shall" limits the dispositions available to the district court, i.e., when ruling on a motion to dismiss, the district court must dismiss the case as opposed to allowing the defective pleading to stand and must do so "with prejudice." *Id.* The word "shall" in no way limits the plaintiff's long-established pleading rights.

We reached a similar conclusion in *Venard v. Winter*, 524 N.W.2d 163. In that case, we held the plaintiff had an absolute right to dismiss his petition without prejudice even when done to avoid an adverse ruling on the defendant's motion for summary judgment. *Id.* at 168. We reached that conclusion even though the rule governing summary judgment provides that "[t]he judgment sought *shall be rendered forthwith* if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3) (emphasis added). As *Venard* demonstrates, the word "shall" directs the district court's disposition in

ruling on a motion, but it does not preclude the plaintiff from dismissing the petition without prejudice prior to the district court making any such ruling.

Ordinarily, unless two sources of law directly conflict, "we attempt to harmonize them in an effort to carry out the meaning and purpose of both." *In re Est. of Kirk*, 591 N.W.2d 630, 633 (Iowa 1999). Here, there is no direct textual conflict between the statute and the rule, and our interpretation and construction of the statute carries out the purposes of both the statute and the rule. "Qualified immunity balances two important competing interests—'the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Minor v. State*, 819 N.W.2d 383, 400 (Iowa 2012) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Depriving a plaintiff of an opportunity to establish a viable claim against government officials pursuant to long-established pleading rules undermines the ability to hold public officials accountable when they exercise power irresponsibly. Conversely, honoring a plaintiff's right to dismiss a petition once as a matter of right pursuant to the rules of civil procedure does not deprive government officials of the shield of immunity when they perform their duties reasonably. Government officials will still be able to test the sufficiency of the plaintiff's pleading once the plaintiff has put the pleading into its final and best form, and government officials will still be able to do so at the motion to dismiss stage prior to any litigation-related disruption of government services. To the extent these officials are concerned about stale claims or gamesmanship, the statute of limitations

still applies. In addition, other pleading rules prevent the plaintiff from engaging in bad faith or other dilatory conduct facilitating undue delay in perfecting a petition.

Although not dispositive of the issue, we note the State, as amicus, supports the plaintiff's interpretation of the statute. The State agrees with the plaintiff that "the [qualified immunity] statute's text doesn't limit a plaintiff's intermediate ability to amend or voluntarily dismiss and refile to attempt to cure pleading defects before a court rules on the petition's compliance with section 670.4A(3)." The State also agrees that government officials suffer no cognizable prejudice by allowing plaintiffs to amend or refile in accord with the rules because "[s]eeking dismissal under 670.4A(3) is just as available to the City upon receipt of an amended or refiled petition as it is upon receipt of an initial petition." As discussed above, we agree with the plaintiff and amicus regarding the interpretation and construction of the statute.

In sum, Iowa Code section 670.4A(3) does not require the plaintiff to break the huddle and line up in final formation. Instead, the statute allows the same presnap motion and routines we have long recognized. The plaintiff can bring players across the formation, shift them, call an audible at the line of scrimmage, or even take a timeout under our long-established rules governing amendment, repleading, and dismissal. At some point, however, the plaintiff must call a play and line up in a final, legal formation before the ball is snapped. That is the point at which the district court, on motion, must adjudge the sufficiency of the pleading. Here, the plaintiff read the defense, did not like what he saw, and called

a timeout. The district court incorrectly threw the penalty flag; there was no penalty on the play. We pick up the flag and reverse the district court's order.

**REVERSED.**