Merlyn A. REES, Appellant,

v.

The CITY OF SHENANDOAH,
Appellee.

No. 03–1602.

Supreme Court of Iowa.

June 16, 2004.

Mark McCormick of Belin Lamson
McCormick Zumbach Flynn, A Profession-
al Corporation, Des Moines, and Frank

Murray Smith of Frank M. Smith Law Office, Des Moines, for appellant.

Ivan T. Webber of Ahlers & Cooney, P.C., Des Moines, for appellee.

WIGGINS, Justice.

The City of Shenandoah (City) approved the issuance of a general obligation bond in the amount of $110,000 for engineering fees, legal fees, and other costs in connection with the construction of a reservoir/lake in Page County, without submitting the question to a special city election. A resident of the City of Shenandoah, Merlyn A. Rees (Rees), filed a petition in the district court containing an appeal pursuant to Iowa Code section 384.25(2) (2003), a writ of certiorari, and a petition for injunctive relief requesting the court to void the bond and enjoin the bond from being issued. Rees subsequently amended his petition. In his amended petition, Rees claimed the construction of the reservoir/lake involves two separate and distinct projects, one a water treatment plant and water distribution system for potable water, and the other one recreational facilities or recreational facilities systems. Rees further claimed the project creating recreational facilities or recreational facilities systems is a city enterprise. Therefore, the recreational facilities project was for general corporate purposes, which required a special city election approving the issuance of the bond.

The City filed a motion to dismiss the amended petition for failure to state a claim upon which any relief may be granted. In its motion, the City claimed that pursuant to Iowa Code section 384.28, the City is not required to hold a special election because the construction of the reservoir/lake can also be reasonably construed as an essential corporate purpose for the reason that the water treatment plant and water distribution system for potable water were being built in connection with the reservoir/lake. Therefore, the City elected to approve the issuance of the bond as a general obligation bond for essential purposes under section 384.25, which does not require a special city election.

The district court dismissed the amended petition on the grounds it failed to state a claim upon which any relief may be granted. Rees appeals. Because we disagree with the district court's decision to dismiss the amended petition for failure to state a claim upon which any relief may be granted, we reverse its decision sustaining the City's motion to dismiss and remand the case for further proceedings consistent with this opinion.

## I. Scope of Review.

█ Our review of a motion to dismiss is for the correction of errors at law. *Mlynarik v. Bergantzel,* 675 N.W.2d 584, 586 (Iowa 2004).

## II. Analysis.

The construction of a water treatment plant and water distribution system for potable water is an essential corporate purpose. Iowa Code § 384.24(3)(*d*). If a general obligation bond is being issued for an essential corporate purpose, a special city election need not be held prior to the bond being issued by the City. Iowa Code § 384.25(2).

The construction of recreational facilities or recreational facilities systems is a city enterprise. Iowa Code § 384.24(2)(*c*). A city enterprise is a general corporate purpose. Iowa Code § 384.24(4)(*a*). If a general obligation bond is being issued for a general corporate purpose, a special city election must be held prior to the bond being issued by the City. Iowa Code § 384.26(2).

The legislature recognized the definitions of city enterprises, essential corporate purposes, and general corporate purposes are not mutually exclusive and shall be construed liberally. Iowa Code § 384.28. If a project or activity may be reasonably construed to be included in more than one of these three classifications, the city may elect at any time between the classifications and the procedures for issuance of a bond respectively applicable to each classification. *Id.* In other words, if the reservoir/lake project can be classified as having both an essential corporate purpose and a general corporate purpose, the city can elect that the bond be classified as being issued for an essential corporate purpose and proceed to issue the bond without a special city election. On the other hand, if the matters financed by the bond actually consist of two distinct projects, the bond that is used to finance the project having a general corporate purpose requires a special city election before issuance. Iowa Code § 384.26(2).

■■■ "A motion to dismiss is properly granted only if a plaintiff's petition 'on its face shows no right of recovery under any state of facts.'" *Trobaugh v. Sondag,* 668 N.W.2d 577, 580 (Iowa 2003). A motion to dismiss is properly granted "only when there exists no conceivable set of facts entitling the non-moving party to relief." *Barkema v. Williams Pipeline Co.,* 666 N.W.2d 612, 614 (Iowa 2003). Under notice pleading, nearly every case will survive a motion to dismiss. *Smith v. Smith,* 513 N.W.2d 728, 730 (Iowa 1994). The petition need not allege ultimate facts that support each element of the cause of action. *Id.* The petition, however, must contain factual allegations that give the defendant "fair notice" of the claim asserted so the defendant can adequately respond to the petition. *Schmidt v. Wilkinson,* 340

N.W.2d 282, 283 (Iowa 1983). A petition complies with the "fair notice" requirement if it informs the defendant of the incident giving rise to the claim and of the claim's general nature. *Soike v. Evan Matthews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981). We view the plaintiff's allegation "in the light most favorable to the plaintiff with doubts resolved in that party's favor." *Id.* In *Cutler v. Klass, Whicher, & Mishne,* 473 N.W.2d 178 (Iowa 1991), we expressed the pitfalls in filing a motion to dismiss and stated:

> We recognize the temptation is strong for a defendant to strike a vulnerable petition at the earliest opportunity. Experience has however taught us that vast judicial resources could be saved with the exercise of more professional patience. Under the foregoing rules dismissals of many of the weakest cases must be reversed on appeal. Two appeals often result where one would have sufficed had the defense moved by way of summary judgment, or even by way of defense at trial. From a defendant's standpoint, moreover, it is far from unknown for the flimsiest of cases to gain strength when its dismissal is reversed on appeal.

*Cutler,* 473 N.W.2d at 181.

In Rees's amended petition he alleged:

4. The bond was approved at that hearing as a general obligation bond for an essential corporate purpose under Iowa Code section 384.24(3)(*r*). The Defendant asserted that the purpose of the project was to provide potable water to the residents of Shenandoah, Iowa, by the construction of a reservoir/lake in Page County, Iowa.

5. The Defendant has previously stated under penalty of criminal sanction in an application to obtain financial assistance from the state of Iowa that the reservoir/lake is being developed for re-

creational purposes and for the purpose of bringing economic development to Shenandoah by providing recreational facilities and/or recreational facilities systems, including a recreational lake and park.

6. The reservoir/lake consists of two (2) completely separate and distinct projects. One project is the construction of a water treatment plant and water distribution system for potable water. The other project is the development of recreational facilities and/or recreational facilities systems, including a recreational lake and park.

. . .

11. Because the bond would fund two (2) distinct projects, one of which can only reasonably be construed as for a general corporate purpose, Iowa Code section 384.28 requires the Defendant to follow the procedure applicable for the approval of a general obligation bond to fund a general corporate purpose.

. . .

15. Furthermore, even if the project could be reasonably construed as being for both a general corporate purpose and an essential corporate purpose, Defendant failed to make an election between the classifications and procedures and therefore must follow the procedure for the approval of a general obligation bond to fund the general corporate purpose.

■ Viewing the above allegations of the amended petition under notice pleading in the light most favorable to Rees, we think the petition gives fair notice to the City of Rees's claims. The first claim is that at the meeting, which approved the issuance of the bond, the City did not discuss the recreational purpose of the reservoir/lake. Thus, the City did not make an election between the classifications or procedures as required under Iowa Code section 384.28. The second claim is that the reservoir/lake consists of two distinct projects, one of which requires a special city election in order for the bond to be issued. Taking these allegations as true, a court can find the City violated section 384.28 by not making a proper election to classify the entire project for an essential purpose. Additionally, a court can find that the reservoir/lake consists of two distinct projects, which required a special city election under section 384.26 prior to the issuance of the bond for recreational facilities or recreational facilities systems. Rees is entitled to proceed with his action to prove these allegations.

### III. DISPOSITION.

The order of the district court sustaining the City's motion to dismiss is reversed and this matter is remanded for further proceedings consistent with this opinion.

**REVERSED AND CASE REMANDED.**