# IN THE COURT OF APPEALS OF IOWA

No. 17-1970
Filed April 17, 2019

**MELISSA SADLER, Individually and as Parent and Next Friend of S.S., A.S., Z.S., and I.S., Minor Children,**
     Plaintiffs-Appellants,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES (DHS); CHARLES M. PALMER, In His Capacity as Director of DHS; STACY DEBERG, Individually, and in Her Capacity as Child Protective Worker; LORI MULDER, Individually and in Her Capacity as DHS Social Worker II,**
     Defendants-Appellees.
_____

          Appeal from the Iowa District Court for Butler County, Linda M. Fangman,

Judge.


          Melissa Sadler, individually and as parent and next friend of four children,

appeals the district court's order granting the defendants' amotion to dismiss.

**AFFIRMED.**


          John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for appellants.

          Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant

Attorney General, for appellees.


          Considered by Vogel, C.J., Vaitheswaran, J., and Gamble, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Judge.**

Melissa Sadler, individually and as parent and next friend of four children, filed an action against the Iowa Department of Human Services, director Charles Palmer, child protective worker Stacy DeBerg, and social worker Lori Mulder.[1] She alleged the defendants "fail[ed] to report child abuse or interfere[d] with the reporting of child abuse pursuant to Iowa Code chapter 232.69 and 232.75 [(2017)]." She claimed their "failure to report or the interfering with reporting [was] a wanton and reckless disregard of and for the Plaintiffs' safety and well being," entitling her to actual and punitive damages and attorney fees. In separate counts, Sadler also sought injunctive relief.

The defendants moved to dismiss the petition. They asserted the court lacked subject matter jurisdiction and the petition failed to state a claim upon which relief could be granted. At a hearing on the motion, the defendants asked the court to take judicial notice of underlying juvenile court files. The district court declined, limiting its consideration of the motion to the allegations in the petition. Following the hearing, the court dismissed the counts relating to these defendants.[2]

On appeal, Sadler contends the district court erred in (1) finding a lack of subject matter jurisdiction based on her failure to comply with the Iowa Tort Claims Act, (2) finding the monetary-damage claim was an impermissible attempt to appeal prior litigation, and (3) dismissing the monetary-damage claim for failure to state a claim. We find the third issue dispositive.

---

[1] The petition named a number of other defendants, who were dismissed.
[2] Sadler's claims against defendant Palmer were dismissed for lack of service.

In concluding Sadler failed to state a claim, the district court reasoned as follows:

> In Count I the Plaintiff claims Defendant D.H.S. failed to report or interfered with a report pursuant to Iowa Code § 232.75. The Plaintiffs further argue the State violated Iowa Code § 232.69, [addressing] mandatory and permissive reporters, and later attempted to orally amend the petition to claim a violation of Iowa Code § 232.71 which has been repealed. However, the Court believes counsel was referring to 232.71B, and the Plaintiffs claim this is a cause of action because there is a statutory duty required from the Department.
>
> In looking first at Iowa Code § 232.69, which deals with mandatory and permissive reporters, it delineates when they need to report and to whom they need to report. It also deals with the training required for mandatory and permissive reporters. This code section deals solely with reporters and training. It does not in any way deal with the D.H.S. investigation or any cause of action flowing from a D.H.S. investigation.
>
> Iowa Code § 232.75 is the sanction section for violating Iowa Code § 232.69. Specifically Iowa Code § 232.75(2) states that any person, official, agency, or institution required by section 232.69 to report a suspected case of child abuse who knowingly fails to do so or who knowingly interferes with the making of that report is civilly liable for damages proximately caused. This section specifically refers to mandatory reporters who failed to make a report. It does not deal with D.H.S. workers and a duty to investigate. Nowhere under Iowa Code § 232.75 puts any duty to investigate or any civil liability on the Department for failure to investigate. . . .
>
> . . . .
>
> When the Plaintiffs tried to orally amend the petition to Iowa Code § 232.71B, they did not identify in any manner how the Department of Human Services failed to comply with the duties of that code section. Rather, they made a blanket statement that they had a duty to reinvestigate the same complaint . . . .
>
> The Court relies [on] *In re M.H. by Callahan*, 385 N.W.2d 533, 535–37 (Iowa 1986) where the Court there stated Iowa Code § 232.67 through .71 and 25A.14 did not intend to imply a tort action against the State, its department, and employees for a failure to thoroughly and promptly report and investigate incidents of child abuse. As such, the motion to dismiss against Defendants D.H.S., Charles Palmer, Stacy Deberg, and Lori Mulder is granted for failure of the Plaintiffs to state a claim as there is no cause of action under Iowa Code § 232.71B or § 232.75.

We discern no error in the court's detailed ruling. *See Rees v. City of Shenandoah*, 682 N.W.2d 77, 78 (Iowa 2004) (setting forth standard of review for dismissal based on failure to state a claim).

The statutory provisions on which Sadler relies do not create a duty on the part of the department and its employees to report or to abstain from interfering with reporting child abuse. Those provisions also do not create a civil cause of action for monetary damages. As the Iowa Supreme Court stated in *In re M.H.*, "We believe it is clear that in enacting Iowa Code sections 232.67–.71 and 25A.14 the legislature did not intend to imply a tort action against the State, its department and employees for a failure to thoroughly and promptly report and investigate incidents of child abuse." *Cf.* 385 N.W.2d at 535–37 (analyzing previously-numbered sections of the Iowa Code).

In reaching this conclusion, we have considered *McCracken v. Iowa Department of Human Services*, 595 N.W.2d 779, 784 (Iowa 1999), in which the court held the department of human services had the authority to conduct a second investigation into child abuse allegations following the issuance of an unfounded report concerning the same conduct. Although the court characterized the cited statutory provisions as "remedial in nature" and deserving of "liberal construction," the court did not go so far as to authorize an independent tort action for failure to investigate. The court simply considered the issue on judicial review of the department's second decision. In *In re M.H.*, the court acknowledged that the statutory provisions cited in *McCracken* authorize certain types of civil liability but declined to expand the statute to encompass the tort causes of action raised by the plaintiff. 385 N.W.2d at 537. The court stated, "[T]he legislature has explicitly

addressed situations when civil liability attaches. If the legislature wanted to recognize other statutory violations that would produce civil liability, it would have so indicated." *Id.*

We affirm the district court's dismissal for failure to state a claim.

**AFFIRMED.**