# IN THE COURT OF APPEALS OF IOWA

No. 21-1900
Filed February 22, 2023

**THOMAS STARBUCK and AYNSLEY STARBUCK,**
Plaintiffs-Appellees,

**vs.**

**JAYSEN McCLEARY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty and David Nelmark, Judges.

Jaysen McCleary appeals fifty-seven counts of defamation. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Angela Campbell and Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Ben Arato of Wandro & Associates, PC, Des Moines, Michael Kent of Kent Law Firm, PLLC, Des Moines, Thomas P. Tully of Tully Law Office, P.C. Des Moines, and Rob Tully of Law Office of Rob Tully, P.C., Des Moines, for appellees.

Heard by Tabor, P.J., and Schumacher and Ahlers, JJ.

**PER CURIAM.**

This case is one chapter in a long story of animosity between neighbors. Thomas Starbuck and his daughter, Aynsley Starbuck, sued Thomas's neighbor, Jaysen McCleary, ultimately alleging fifty-seven counts of defamation. They claim McCleary repeatedly made false statements in court filings that Thomas molested Aynsley when she was a child. The Starbucks sought compensatory and punitive damages.

## I.     Background

In December 2018, the Starbucks brought this action initially alleging thirty-three counts of defamation. McCleary filed a pre-answer motion to dismiss, which complained "all claims of alleged publication do not say where or how they were published. This prejudices the defendant because it does not give a fair opportunity to deny or admit each allegation of publication by merely alleging statements were published on or about a certain date." Notably, the motion to dismiss did not cite Iowa Rule of Civil Procedure 1.433 or "move for a more specific statement of any matter not pleaded with sufficient definiteness" as rule 1.433 permits.

While McCleary's motion was pending, the Starbucks filed an amended petition, which added counts of defamation for a total of forty-one counts. McCleary responded by renewing his motion to dismiss. That same day, the court denied McCleary's first motion to dismiss. The Starbucks then filed their second and final amended petition, which added more counts of defamation for a total of fifty-seven counts.

Following the Starbucks' second amended petition, McCleary once again sought dismissal. He stated the claimed instances of defamation all occurred in judicial proceedings, the litigation privilege served as an absolute bar to the claims, and his statements were truthful. The court denied the motion to dismiss, concluding it would have to consider the statements within context before it could determine if the litigation privilege applied, so it reasoned the petition was not deficient on its face.

The Starbucks sought summary judgment as to liability. McCleary responded by filing a "motion for judgment on the pleadings [/] motion to dismiss for failure to state a claim of relief." The court held a hearing on the motion wherein McCleary attempted to generally assert the litigation privilege as to all fifty-seven counts of defamation. The court's resulting order granted McCleary thirty days to file a brief stating how the litigation privilege applied to each count. McCleary never made such filing. As a result, the court granted the Starbucks' motion for summary judgment.

A trial as to damages was set for June 7, 2021. However, on May 4, McCleary filed a motion to continue trial citing "urgent surgery required" to his shoulder. On May 19, McCleary filed a doctor's note stating McCleary was scheduled for surgery on June 2 and would require narcotic pain medication for three to four weeks following surgery. The court denied McCleary's motion to continue. It reasoned McCleary's shoulder injury and surgery should not be considered an emergency given the near month-long gap between McCleary's motion to continue and the scheduled surgery date. McCleary motioned for the court to reconsider, but the court affirmed its decision to deny the motion to

continue. However, the court held a hearing so McCleary could make an offer of proof about the details of scheduling his surgery. McCleary explained that the injury occurred at the end of April when he fell in the middle of the night. He said tests showed "a couple of [his] ligaments were split in half, they were torn in half," and his bicep tendon was not even visible on an MRI, which would likely require his doctor to dissect the bicep from the nerve and re-attach it to his shoulder. McCleary went on to state he had difficulty sleeping, "different random movements cause excruciating pain," "[a]nd the only way to fix this is to have the surgery." Following the offer of proof, the court reiterated, "the ruling is that this trial is not being continued."

On June 2, McCleary filed a motion to stay the proceedings for three weeks. The court denied the motion. On June 4, McCleary filed a motion to appear at the pre-trial conference by phone and included a motion for continuance because he had retained counsel.[1] On June 5, McCleary explained his newly retained counsel would be in another trial on the scheduled trial date and McCleary could not drive or fly to Iowa from his home in Montana post-surgery. The motion again sought a continuance or permission for McCleary to appear at trial by Zoom or telephone. The court denied the motion.

The matter proceeded to jury trial on June 7, and the court held McCleary in default when he did not appear. The jury awarded Thomas $1 million in past compensatory damages, $700,000 in future compensatory damages, and $4.5 million in punitive damages. As for Aynsley, the jury awarded her $200,000

---

[1] From our review of the record, it does not appear that counsel identified in McCleary's motion ever entered an appearance in this case.

in past compensatory damages, $600,000 in future compensatory damages, and $1 million in punitive damages.

McCleary retained new counsel and sought judgment notwithstanding the verdict and a new trial. The court denied his motions. McCleary appeals.

## II. Discussion

### A. Motions to Dismiss

McCleary claims the district court erred in denying his motions to dismiss and requests for a more specific statement. At the outset, our review of the record reveals no instance wherein McCleary actually requested a more specific statement as permitted by Iowa Rule of Civil Procedure 1.433. Instead, he simply pointed out details he believed were lacking in the petitions without requesting the Starbucks provide additional detail and instead sought dismissal on this basis. Similarly, in its rulings, the district court noted McCleary's complaints about the detail in the petition but did not deny a motion for more specific statement because none was made. So this claim is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Likewise, two of McCleary's appellate bases for dismissal were not raised in his motions for dismissal. First, his claim that his motions to dismiss should have been granted because the counts were improperly inflated was not raised in any of his motions to dismiss and was not ruled on by the district court. So it is also not preserved for appellate review. *See id.* Second, McCleary never raised the statute of limitations as a basis for dismissal in his motions to dismiss, and the

court never addressed the statute of limitations in its rulings.[2]  Accordingly, this claim is also not preserved for our review.  *See id.*

Moving to McCleary's preserved claims, we review the district court's rulings for correction of legal error.  *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016).  "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions."  *Id.* (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014)).

McCleary contends his motions to dismiss should have been granted because the litigation privilege applied to his statements.  "Iowa recognizes an absolute privilege (or immunity) from liability for defamation which takes place in a judicial setting."  *Spencer v. Spencer*, 479 N.W.2d 293, 295 (Iowa 1991).  "A statement is privileged if made by one who has an interest in the subject matter to one who also has an interest in it or stands in such a relation that it is proper or reasonable for the writer to give the information."  *Id.*  "However, the statement must have some relation to the issues in the judicial proceeding."  *Id.*  "The privilege is an affirmative defense which must be pled and proved."  *Id.* at 296.  McCleary's motions to dismiss did not establish the litigation privilege applied because his motions to dismiss did not establish that his statements had some relation to the proceedings in which he made the statements.

McCleary also claims the petition was deficient because it did not allege McCleary's allegations about Thomas molesting Anysley were not true.  "Under notice pleading, nearly every case will survive a motion to dismiss."  *Rees v. City*

---

[2] McCleary did list the statute of limitations as an affirmative defense in his answer.

*of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004). Petitions are not required to allege the ultimate facts supporting every element of a claim. *Id.* The petition need only contain "factual allegations that give the defendant 'fair notice' of the claim asserted so the defendant can adequately respond to the petition." *Id.*

Here, each count alleged McCleary made his statements "without evidence or offer of proof" and noted "[w]here a statement is deemed to be defamation per se, damages are presumed." This put McCleary on notice that the Starbucks were alleging he made statements on the dates identified in each count that were defamatory per se, clearly implying that the statements were not true. This is sufficient to satisfy our notice pleading standards. So he was not entitled to dismissal on this basis.

We conclude the district court did not err in denying McCleary's motions to dismiss.

### B.     Summary Judgment

Next, McCleary argues the district court erred in granting the Starbucks' motion for summary judgment.[3] We review rulings granting summary judgment for correction of errors at law. *Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 76 (Iowa 2022). Summary judgment is properly granted when the moving party establishes that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Id.* In assessing whether there is a genuine issue of

---

[3] In addition to his other arguments opposing summary judgment, McCleary urges summary judgment was improper because some of the counts came from the same filings. This claim is not sufficiently developed for our review. *See State v. Ortega*, No. 19-1948, 2021 WL 1907132, at *4 (Iowa Ct. App. May 12, 2021) (finding a claim waived when the party only made "a perfunctory argument in support of [a] claim").

material fact, we view the facts in the light most favorable to the nonmoving party. *Id.*

McCleary contends the district court should have denied the Starbucks' motion for summary judgment by concluding the litigation privilege applied or at least concluding there was a factual dispute as to whether it applied. As already noted, the litigation privilege is an affirmative defense, which must be pleaded and proved by the asserting party. *Spencer*, 479 N.W.2d at 295. McCleary never asserted the litigation privilege as an affirmative defense in his answer as required by Iowa Rule of Civil Procedure 1.421(1).[4] Still, he referenced the litigation privilege in various other filings, making it clear he intended to rely on it, and raised it during the hearing on the summary judgment motion. Yet McCleary never went through and explained how it applied to each count. Even after the court gave him additional time to file "a brief outlining how each allegedly defamatory statement is privileged" following the summary judgment hearing, McCleary made no such filing.[5] At best, McCleary spoke about the privilege at the summary judgment hearing in wandering generalities. That is insufficient to at least present a fact question as to applicability of the litigation privilege. *Cf. Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019) (recognizing the party resisting summary judgment "must set forth specific facts showing that

---

[4] McCleary referenced the litigation privilege in his motions to dismiss. But rule 1.421(1)(a) through (f) specifies what affirmative defenses may be raised in a pre-answer motion, and the litigation privilege is not included.

[5] McCleary filed a document discussing the litigation privilege, but not explaining how it applied to the individual counts, twenty days past the district court's thirty-day deadline. We do not consider this filing.

there is a genuine issue for trial" and that summary judgment "is the put up or shut up moment in a lawsuit" (citations omitted)).

McCleary also contends the district court incorrectly failed to credit his truth defense. *See Atzen v. Atzen*, No. 15-0368, 2018 WL 1433537, at *10 (Iowa Ct. App. Mar. 21, 2018) (recognizing truth as a defense in a defamation action). McCleary attempts to split hairs here. He explained at the summary judgment hearing, "I have never said [Thomas] molested his youngest daughter, and I'm not claiming that that's true. I've never claimed that that's true. I just said that I confronted him about it, and that's what has [led] to all this additional drama from him." So McCleary reasons that any count asserting he defamed either Thomas or Aynsley by stating in a court filing that he confronted Thomas about molesting Aynsley could not be defamation because everyone agrees he did in fact confront Thomas about molesting Aynsley.

McCleary's contention ignores the fact that his statements clearly indicate he knew Thomas molested Aynsley, effectively conveying the claim that Thomas molested Aynsley rather than conveying that he questioned Thomas about whether he molested Aynsley. For example, counts I and II relate to a statement made in an appellate brief filed in a zoning case.[6] In that appellate brief, McCleary asserted, "McCleary told Tom Starbuck to leave him alone and confronted him about molesting his youngest daughter around 1988." The defamatory component of this statement is not that McCleary confronted Thomas. The defamatory component of the statement is that it conveys to the reader that Thomas molested

---

[6] Neither Starbuck was a party to the zoning case, but Thomas spoke in opposition to McCleary's rezoning efforts.

Aynsley. *See id.* at *9–10. So McCleary's "truth" defense does not address the defamatory component of his statements and does not serve as a defense in this case.

The district court did not err in granting summary judgment.

### C.    Motion to Continue

Next, McCleary challenges the denial of his motion to continue the damages trial. We review the denial of a motion to continue for an abuse of discretion. *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000). Iowa Rules of Civil Procedure 1.910 and 1.911 govern motions for continuance by the parties. Rule 1.910(1) requires a party to move for continuance "without delay after the grounds therefor become known." Rule 1.911(1) explains, "A continuance may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained."

On this point we agree with McCleary and conclude the district court abused its discretion when it denied his motions to continue trial. McCleary notified the court "without delay" and the need for a continuance was not the result of his "fault or negligence." *See* Iowa Rs. Civ. P. 1.910(1), .911(1). He explained the severity of his injury and the surrounding circumstances in his offer of proof. Yet the district court concluded that McCleary's surgery should not be considered an emergency, given the fact that it was scheduled almost one month after McCleary first moved for a continuance and weeks after he definitively knew he would need surgery, so it did not justify granting a continuance. We cannot endorse this reasoning.

McCleary made clear he was in significant pain following a recent, severe injury that completely tore several of his ligaments and the only remedy was

surgical repair. At oral argument, appellate counsel suggested that by the district court's reasoning, one would have to be in danger of dying at trial to justify granting a motion to continue based on medical grounds. While that may take the court's reasoning to the extreme, we agree that a risk of negative medical outcomes should not be necessary before a court grants a continuance based on medical grounds. This case highlights that. McCleary's needed surgery was not elective; to the contrary, it was the only way to treat his serious injury, relieve his pain, and regain use of the arm. It was not McCleary's fault the first available surgery date was so near the trial date.

The court's denial effectively left McCleary with an untenable choice: (1) undergo surgery to repair his damaged shoulder and not be able to participate at the damages trial or (2) travel from several states away with limited to no use of one arm that caused him pain, which was at times excruciating, and then appear in court in such condition. Forcing McCleary into this choice does not comport with the notion of substantial justice, as McCleary should have been able to obtain the medical care he needed while still being able to participate in the damages trial by the court granting the continuance request.

We understand granting the continuance would have resulted in the damages trial being pushed back significantly given the backlog of cases that built up during the COVID-19 pandemic. But continuing the trial would have allowed for both parties to be able to participate, which would make substantial justice more readily obtained. *See* Iowa R. Civ. P. 1.911(1); *Ragan v. Petersen*, 569 N.W.2d 390, 394 (Iowa Ct. App. 1997) ("The concept of 'substantial justice' favors a trial which allows both parties an opportunity to fully and fairly develop their claims and

defenses without prejudice to the other party."). In fact, because the denial of the motion effectively required McCleary to choose between obtaining urgent and necessary medical care and participating at trial, we consider the district court's denial of the motion to effectively thwart substantial justice. *See Ragan*, 569 N.W.2d at 394.

On these facts, we conclude the district court abused its discretion. We therefore vacate the judgment for damages and remand for a new trial on damages only. Due to our grant of a new trial, we need not address the other issues raised in support of McCleary's request for a new trial.

## III. Conclusion

We affirm the denial of the motions to dismiss and the grant of summary judgment as to liability. However, we reverse and remand for a new trial on damages only. With respect to McCleary's challenges of the court's denial of his motions to recuse, we need not address them given our grant of a new damages trial.[7]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[7] To the extent McCleary attempts to challenge the ruling on the motion to recuse relating to Judge Nelmark, who granted summary judgment, McCleary has not developed an argument for us to consider. *See State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (noting a "passing reference" in a brief constitutes waiver).