# IN THE COURT OF APPEALS OF IOWA

No. 22-1192
Filed October 11, 2023

**NICOLE K. BRINKMAN,**
Plaintiff-Appellee,

**vs.**

**CITY OF DES MOINES, IOWA,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

The City of Des Moines appeals the denial of its motion to dismiss a municipal tort claim based on the heightened pleading standard in Iowa Code section 670.4A(3). **AFFIRMED.**

Luke DeSmet, Des Moines, for appellant.

Jeff Carter and Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellee.

Considered by Tabor, P.J., Buller, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**TABOR, Presiding Judge.**

Nicole Brinkman alleges that she was injured in April 2020 when she crashed her scooter on rough sidewalk along Maple Street on the east side of Des Moines. In November 2021, she sued the city, alleging it was negligent for not properly maintaining the sidewalk and not warning users of the unsafe condition. The city moved to dismiss her petition, asserting she ignored a newly enacted pleading standard for municipal tort claims. *See* Iowa Code § 670.4A(3) (2021).[1] After Brinkman twice amended her petition, the district court declined to dismiss, and the city appealed.

The city contends that because Brinkman's second amended petition did not plead that the law was clearly established at the time of the alleged violation, dismissal with prejudice was the only option. We disagree with the city's contention but rely on a different reason than the district court. Because the legislature did not make that "clearly established" standard retrospective, we cannot apply it here. *See Nahas v. Polk Cnty.*, 991 N.W.2d 770, 780 (Iowa 2023).

In June 2021—between the date of Brinkman's crash and the filing of her petition—a qualified-immunity amendment to the Iowa Municipal Tort Claims Act (IMTCA) took effect. 2021 Iowa Acts ch. 183, § 14 (codified at Iowa Code § 670.4A

---

[1] That statute provides:

> A plaintiff who brings a claim under this chapter alleging a violation of the law must state with particularity the circumstances constituting the violation and that the law was clearly established at the time of the alleged violation. Failure to plead a plausible violation or failure to plead that the law was clearly established at the time of the alleged violation shall result in dismissal with prejudice.

Iowa Code § 670.4A(3).

(2022)). That amendment included changes to the legal requirements for filing a petition under the IMTCA. *Id.* § 670.4A(3).

Before the statute's effective date, a tort claim against a municipality only needed to satisfy Iowa's notice pleading standards. *Nahas*, 991 N.W.2d at 776. Under notice pleading, a petition must contain factual allegations that give the defendant "fair notice" of the event giving rise to the claim and the claim's general nature. *Id.* (quoting *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004)). But after June 2021, there is a heightened pleading hurdle under the IMTCA. *Id.* at 777. That higher bar has three features. *Victoriano v. City of Waterloo*, 984 N.W.2d 178, 181 (Iowa 2023). First, plaintiffs "must state with particularity the circumstances constituting the violation." Iowa Code § 670.4A(3). Second, they must plead "a plausible violation" of the law. *Id.* And third, they "must state . . . that the law was clearly established at the time of the alleged violation." *Id.*

In its motion to dismiss Brinkman's original petition, the city focused on the new pleading standard, contending that it applied here because she petitioned five months after the amendment's effective date. Relying on the new standard, the city insisted the court must dismiss Brinkman's petition for two reasons. One, she did not allege with particularity the location of the accident. Two, she did not state that the negligence law was clearly established at the time of the alleged violation.

Brinkman resisted the motion to dismiss, noting that the accident occurred more than one year before the statute's enactment and alleging the new standard did not apply retroactively. *See* Iowa Code § 4.5. She also argued that her petition did plead clearly established law. On the same day, Brinkman filed an amended petition, adding a more specific address on Maple Street where the crash occurred.

A few days later, Brinkman moved to again amend her petition—this time to add H and H Plumbing Inc. as a defendant.

About a month later, the city moved to dismiss Brinkman's second amended petition. It argued that section 670.4A(3) did not allow a party to amend its petition to cure defects; instead the provision required dismissal of the original petition with prejudice. The city also argued the second amended petition "independently" breached section 670.4A(3) because it still did not state that the law allegedly violated by the city was "clearly established."

After holding a hearing on the city's motion, the district court denied the motion to dismiss. To begin, the court rejected Brinkman's retroactivity argument. In deciding that section 670.4A(3) did apply, the court found the "event of legal consequence" was the filing of the petition and not the date of Brinkman's alleged injuries. *See Hrbek v. State*, 958 N.W.2d 779, 783 (Iowa 2021). The court then provided Brinkman ten days—under the "pleading over" timeframe in Iowa Rule of Civil Procedure 1.444—to address the heightened pleading requirements in section 670.4A(3).

Both parties responded to the ruling. The city moved to enlarge or amend under Iowa Rule of Civil Procedure 1.904(2), insisting dismissal with prejudice was the only remedy to Brinkman's defective petition. For her part, Brinkman recast her petition to allege: "The law of negligence in Iowa was **clearly established** at the time of the alleged violation." (Emphasis in original.) The court denied the

city's motion to enlarge or amend. The city appealed. And it successfully sought to stay the trial proceedings pending appeal.[2]

We review the court's ruling on the city's motion to dismiss for the correction of legal error. *See Benskin, Inc. v. West Bank*, 952 N.W.2d 292, 298 (Iowa 2020). We accept as true the petition's well-pleaded factual allegations, but not its legal conclusions. *Id.*

In its appellant's brief, the city points to one alleged deficiency in Brinkman's pleading: "The Second Amended Petition did not plead that the law was clearly established." It contends that she was aware of this pleading requirement from the city's motion to dismiss and the discussion at the hearing—yet did not amend her petition to meet the heightened standard. Without citing any authority, the city argues that a claim that the law is clearly established "must be accompanied by reference to authority." Finally, the city relies on *Victoriano* for the proposition that the district court's only options were to find that the petition complied with section 670.4A(3) or dismiss with prejudice. 984 N.W.2d at 182.

In her appellee's brief, Brinkman insists that *Victoriano* provides no authority for the city's position. Rather, she reads *Victoriano* as allowing amended pleadings like those she filed in the district court. She also argues that she pled clearly established law in her original petition. She echoes the district court's sentiment that section 670.4A(3) was not intended as a "trap for the unwary."

But Brinkman does not return to her retroactivity argument. Yet that ground is the most logical resolution of this appeal. *See King v. State*, 818 N.W.2d 1, 12

---

[2] Brinkman resisted the stay, arguing that the city's appeal was not from a final order and should be treated as interlocutory.

(Iowa 2012) ("Of course, we may choose to consider only grounds for affirmance raised in the appellee's brief, but we are not required to do so, so long as the ground was raised below.").

A timeline helps explain our decision to consider an argument not addressed by Brinkman on appeal. About a month after the parties filed their final briefs, the Iowa Supreme Court decided *Nahas*, addressing the retroactivity of the heightened pleading requirement in section 670.4A(3). 991 N.W.2d at 779−80. That decision confirmed the district court's holding on the first and second requirements—particularity and plausibility. Because those requirements related to the drafting and framing of the petition, they applied to petitions filed after its enactment, even if the alleged violation happened before July 2021. *Id.* at 780. "The new law thus attached new legal consequences (dismissal) to conduct (the drafting and framing of the petition) that occurred after the effective date of the statute." *Id.* But *Nahas* contradicted the district court's retroactivity ruling on the third requirement—that the petition must state that "the law was clearly established at the time of the alleged violation." *Id.*[3] The court described why the relevant event for that requirement was the date of the alleged negligence:

> With respect to this provision, the relevant event to which a new legal consequence would attach is not the drafting and framing of the petition. Instead, it is the existence or nonexistence of a historical social fact—whether the law was "clearly established at the time of the alleged violation." The "clearly established" standard is thus inherently backward-looking. In this case, that historical social fact was determined at the time of the alleged violations, which were all prior to the enactment of this statutory provision. Further, whether the law was clearly established is inextricably intertwined with the new qualified immunity defense and only relevant to this case to the

---

[3] The court applied only the particularity and plausibility aspects of section 670.4A(3)'s heightened pleading standard to Nahas's petition. *Id.* at 782−84.

extent the new qualified immunity defense is operative in this case, and we already have concluded that qualified immunity is not operative in this case because it would be an impermissible retrospective application of the statute. We thus conclude that application of this pleading standard to this case would in fact be a retrospective application of this particular statutory provision. Because the legislature did not expressly make this statutory provision retrospective, it cannot be applied in this case.

*Id.* (internal citation omitted); *see also Carver-Kimm v. Reynolds*, 992 N.W.2d 591, 597 (Iowa 2023).

The city's only claim is that Brinkman's second amended petition did not allege that the law was clearly established at the time of the alleged violation. Whether that third requirement in section 670.4A(3) should have been applied retroactively was fully examined in the district court. After the parties filed their briefs in this appeal, the supreme court answered that question. We know now that the "clearly established" pleading requirement does not apply if the alleged violation predated the statute's enactment. So we affirm the ruling denying the city's motion to dismiss—but do so because Brinkman was not required to meet that pleading requirement. We must affirm when the record contains any proper basis for the district court's ruling, even though it is not the one the district court relied on. *See Gen. Motors Acceptance Corp. v. Keil*, 176 N.W.2d 837, 842 (Iowa 1970) ("Many a learned court is occasionally right for the wrong reason . . . ."); *see also King*, 818 N.W.2d at 12 ("It would be an abnegation of our responsibility not to reach a legal question about the sufficiency of the plaintiffs' pleadings that was fully developed and decided by the district court.").

**AFFIRMED.**