# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0610
Filed May 13, 2026

————————————

**Nathan Freidhoff, Individually, Michelle Freidhoff and Todd Freidhoff,
Individually and as Parents and Next Friends of Nathan Freidhoff,**
Plaintiffs–Appellees,

v.

**Johnston Community School District, Mitch Eagles and Brett Becker,**
Defendants–Appellants.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Michael D. Huppert, Judge.

————————————

## APPEAL DISMISSED

————————————

Jason T. Madden and Benjamin J. Kenkel of Dickinson, Bradshaw, Fowler
& Hagen, P.C., Des Moines, attorneys for appellants.

Steven T. Durick, Tyler S. Smith, and Jordan R. Reed of Durick Tuttle
Smith PLC, Des Moines, attorneys for appellees.

————————————

Considered without oral argument
by Tabor, C.J., Badding, J., and Bower, S.J.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

The Johnston Community School District asked the Iowa Supreme Court to retain this case and to overrule *Doe v. Western Dubuque Community School District*, 20 N.W.3d 798, 804 (Iowa 2025). *Doe* decided that the qualified immunity provisions of the Iowa Municipal Tort Claims Act (IMTCA) did not apply to common law tort claims. *Id.* The supreme court reaffirmed *Doe* in *Fogle ex rel P.F. v. Clay Elementary School-Southeast Polk Community School District*, 27 N.W.3d 538, 544 (Iowa 2025), and *In re Davenport Hotel Building Collapse*, 27 N.W.3d 270, 273 (Iowa 2025), and then transferred this appeal to our court. Because we must follow *Doe* and its progeny,[1] we affirm the district court's denial of Johnston's motion for summary judgment and dismiss this appeal.

## I.     Facts and Prior Proceedings

In 2022, Nathan Friedhoff was enrolled in a welding class at Johnston High School. He received serious burns when a spark ignited the synthetic-blend crewneck sweatshirt sticking out under his cotton overshirt. Friedhoff and his parents sued the school district and two of its employees,[2] claiming common law negligence, vicarious liability, negligent teaching and supervision, premises liability, and loss of parental consortium.

Johnston moved for summary judgment asserting qualified immunity from tort claims as provided in Iowa Code section 670.4A (2024) of the IMTCA. The district court treated the motion for summary judgment as a

---

[1] "Our court has no authority to overrule the controlling precedent established by [*Doe*]," and thus we are bound by its holding. *State v. Phillips*, 996 N.W.2d 419, 423 (Iowa Ct. App. 2023).

[2] The employees were Mitch Eagles and Brett Becker, technology and engineering instructors at the high school. We will refer to the defendants collectively as Johnston.

motion to dismiss because Johnston was attacking the sufficiency of Friedhoff's pleadings.[3] Two months before the supreme court's decision in *Doe*, the district court found Friedhoff met the heightened pleading requirement in section 670.4A(3)[4] and thus Johnston was not entitled to qualified immunity. The school district brought this interlocutory appeal under section 670.4A(4), which provides: "Any decision by the district court denying qualified immunity shall be immediately appealable."

During this pendency of this appeal, the supreme court decided *Doe*, which the parties incorporated into their briefs. And after the parties filed their briefs, Freidhoff provided three notices of additional authority. The cited cases reaffirmed *Doe*'s conclusion that section 670.4A does not apply to common law tort claims. *See Fogle*, 27 N.W.3d at 544; *Davenport Hotel*, 27 N.W.3d at 273; *Larson v. Holmes*, No. 24-1912, 2025 WL 3171291, at *2–3 (Iowa Ct. App. Nov. 13, 2025).

---

[3] We also view Johnston's motion for summary judgment as a motion to dismiss. *See Meade v. Christie*, 974 N.W.2d 770, 775 (Iowa 2022) ("A motion to dismiss challenges a petition's legal sufficiency."); *Tigges v. City of Ames*, 356 N.W.2d 503, 510 (Iowa 1984) ("[F]orm must give way to substance . . . ."). We review a ruling on a motion to dismiss for corrections of errors at law. *Mead*, 974 N.W.2d at 774–75. We will "accept[] the facts alleged in the petition as true, and view[] the allegations in the light most favorable to the plaintiff." *Id.* at 775 (internal citations omitted). A motion to dismiss will succeed only if the plaintiff is not afforded a right to recover under the alleged facts. *Id.*

[4] That section provides: "A plaintiff who brings a claim under this chapter alleging a violation of the law must state with particularity the circumstances constituting the violation and that the law was clearly established at the time of the alleged violation." Iowa Code § 670.4A(3).

## II.  Analysis

### A. Iowa Code Section 670.4A

In 2023, the Iowa Supreme Court first interpreted the qualified immunity provision and the heightened pleading standard enacted by the Iowa General Assembly in 2021. *See Nahas v. Polk Cnty.*, 991 N.W.2d 770 (Iowa 2023). A plaintiff alleged common law and statutory tort claims against Polk County. *Id.* at 775. The court denied qualified immunity to Polk County, finding the new provision did not apply retrospectively. *Id.* at 779. Despite qualified immunity not being applicable to the case, the court analyzed the heightened pleading standards. *Id.* As *Nahas* noted, the heightened pleading standards for claims that fall under section 670.4A(1) require the plaintiff to (1) "state with particularity the circumstances constituting the violation," (2) "plead 'a plausible violation' of the law," and (3) state "that the law was clearly established at the time of the alleged violation." *Id.* at 777 (quoting Iowa Code § 670.4A(3)). It found the first two requirements applicable to the plaintiff's claims, but not the third. *Id.* at 779–80. This delineation implied that claims not subject to the qualified immunity defense could still be held to the heightened pleading standard. *See id.*; *Doe*, 20 N.W.3d at 806; *see also Blanchard v. City of Des Moines*, No. 23-1953, 2024 WL 4965865, at *2 (Iowa Ct. App. Dec. 4, 2024) (applying heightened pleading standard and not addressing application of qualified immunity).

The Iowa Supreme Court addressed this incongruity in *1000 Friends of Iowa v. Polk County Board of Supervisors*, 19 N.W.3d 290, 296 (Iowa 2025). In that case, a non-profit sued a municipality seeking non-monetary relief. *1000 Friends of Iowa*, 19 N.W.2d at 295. The district court dismissed the claim under the heightened pleading standard. *Id.* at 294–95. The supreme court noted the qualified immunity defense in section 670.4A(1) applies only to

claims for monetary damages. *Id.* at 295. Ultimately, the supreme court held the legislature intended for the qualified immunity statute to have "a coordinated, rather than an independent, interpretation within its subsections about the type of claim it covers." *Id.* at 296. Under *1000 Friends of Iowa*, the heightened pleading standard applies only to claims subject to the qualified immunity defense. *See id.*

Less than a month later, the supreme court decided *Doe*. There, a student brought a common law negligence claim against the school district after being assaulted on school grounds. 20 N.W.3d at 802. The district court dismissed Doe's claim for failing to meet that requirement. *Id.* The supreme court recognized that the qualified immunity statute was modeled after the federal qualified immunity standard and incorporates the federal interpretation. *Id.* at 804. The court noted, "Under federal law, the qualified immunity defense applies only to alleged violations of statutory or constitutional rights." *Id.* at 806. And "[t]o keep step with federal law," the court held that section 670.4A does not apply to state common law claims. *Id.* The qualified immunity provision coupled with the heightened pleading standard only applies "where the plaintiff has asserted a state constitutional tort claim or statutory claim and not where the plaintiff has asserted only a state common law claim." *Id.*

## B. Applying *Doe*

Turning to this appeal, Friedhoff contends it is "undisputed" that he is alleging only common law tort claims. Thus, under *Doe*, section 670.4A does not apply. Seeking to preserve its qualified immunity defense, Johnston argues that *Doe* was incorrectly decided and should be overruled. But we cannot overrule *Doe*, so it controls. *See Phillips*, 996 N.W.2d at 423.

In its reply brief, Johnston contends that—assuming *Doe* remains good law—Freidhoff's "own pleadings allege claims beyond 'common law' negligence and the individual District defendants are entitled to have their qualitied-immunity defenses reviewed on appeal." We reject this contention for two reasons. First, "we will not consider issues raised for the first time in a reply brief." *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009).

Second, even if this contention could be read into Johnson's opening brief, it is unpersuasive. In its reply brief, Johnston addresses the claims brought against Eagles, Becker, and the school district separately, arguing they are each entitled to qualified immunity under section 670.4A even if *Doe* is not overruled. As to teacher Eagles, Johnston argues that Freidhoff "failed to plead *any* recognized claim which could give rise to liability." Johnston notes that Eagles had not taught the welding class for more than one year before Freidhoff was injured. As to teacher Becker and the school district, Johnston argues that Freidhoff relies "almost exclusively on voluntary *professional* standards of care" not formally adopted by the school district.

But these three defendants are not entitled to qualified immunity under *Doe* unless Freidhoff's claims are rooted in a statute or the constitution. Despite arguing the claims go "beyond" common law negligence, Johnston does not identify what statutory or constitutional provision underlies Freidhoff's claims. Instead, Johnston rehashes whether Freidhoff met his pleading requirements. But Freidhoff only had to satisfy Iowa's notice pleading standard. *See Doe*, 20 N.W.3d at 805–06. A pleading will satisfy that standard if it contains "factual allegations that give the defendant 'fair notice' of the claim asserted so the defendant can adequately respond to the petition." *Nahas*, 991 N.W.2d at 776 (quoting *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004)). Fair notice requires the

petition to apprise Johnston of the "incident giving rise to the claim and of the claim's general nature." *Id.* (quoting *Rees*, 682 N.W.2d at 79).

The petition doesn't need to peg a specific legal theory nor does it have to plead "ultimate facts that support each element of the cause of action." *Terrace Hill Soc'y Found. v. Terrace Hill Comm'n*, 6 N.W.3d 290, 296 (Iowa 2024) (quoting *Nahas*, 991 N.W.2d at 776). Friedhoff's thirty-page amended petition sufficiently notifies the school district of the incident surrounding Freidhoff's injuries, his legal claims, and the facts supporting those claims. Taking the alleged facts as true, Friedhoff's amended petition satisfies the notice pleading standard.

### III.    Conclusion

The district court did not err in denying Johnston and its employees qualified immunity from tort liability. Because section 670.4A does not apply to Friedhoff's claims, Johnston is not authorized under 670.4A(4) to appeal the district court's ruling. *See Fogle*, 27 N.W.3d at 545. We therefore dismiss the appeal for lack of appellate jurisdiction.

**APPEAL DISMISSED.**